DECISION AND JUDGMENT ENTRY
This is an appeal brought by Craig L. Hallauer to contest the consecutive sentences the Lucas County Court of Common Pleas ordered him to serve after the court accepted his guilty pleas, entered pursuant toNorth Carolina v. Alford (1970), 400 U.S. 25, to a charge of aggravated robbery and a charge of attempted abduction. Because Hallauer failed to file a motion for leave to bring his discretionary appeal as required by R.C. 2953.08(C) and App.R. 5(C)(1), this court must dismiss this appeal for lack of jurisdiction.
Hallauer has presented only one assignment of error for consideration. The assignment of error is:
 "I. THE TRIAL COURT ERRED SENTENCING DEFENDANT TO CONSECUTIVE TERMS."
R.C. 2953.08 governs this court's jurisdiction to consider appeals concerning sentencing issues and provides, in pertinent part:
 "[A] defendant who * * * pleads guilty to a felony may seek leave to appeal a sentence imposed upon the defendant on the basis that the sentencing judge has imposed consecutive sentences under division (E)(3) or (4) of section 2929.14 of the Revised Code and that the consecutive sentences exceed the maximum prison term allowed by division (A) of that section for the most serious offense of which the defendant was convicted. Upon the filing of a motion under this division, the court of appeals may grant leave to appeal the sentence if the court determines that the allegation included as the basis of the motion is true." (Emphasis added.)
Hallauer was sentenced to serve nine years in prison for the aggravated robbery conviction. The maximum sentence he could have received for aggravated robbery, a felony of the first degree, was ten years. In addition, Hallauer was sentenced to serve seventeen months for his attempted abduction conviction, a felony of the fourth degree. The order that the sentences be served consecutively therefore resulted in an aggregate prison term (ten years and five months) that exceeded the maximum amount of time the trial court could have imposed upon Hallauer for his most serious offense, aggravated robbery (ten years).
The record shows that Hallauer never sought leave in this court to pursue his appeal of his consecutive sentences. Since the only argument he presents is that the amount of time imposed by running the sentences consecutive is excessive, and since he never filed leave to bring his discretionary appeal, this court lacks jurisdiction to consider Hallauer's appeal. See, e.g., State v. Viera (Apr. 5, 2000), Delaware App. No. 99 CA 48, unreported; State v. Crowder (Dec. 7, 1998), Licking App. No. 98-CA-87, unreported. See, also App.R. 5(C)(1).
This appeal is dismissed for lack of jurisdiction. Hallauer is ordered to pay the court costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ____________________________ Peter M. Handwork, J.
 Melvin L. Resnick, J., James R. Sherck, J., JUDGE CONCUR.